IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| HENRY G. NETZER | * |
| Plaintiff, | * |
| v. | * CIVIL NO.: WDQ-14-1589 |
| UNION CARBIDE CORP., et al., | * |
| Defendants. | * |

* * * * * * * * * * * * *

MEMORANDUM OPINION

Henry Netzer sued Union Carbide Corp., and others, in the Circuit Court for Baltimore City in an asbestos product liability action. ECF No. 2. CBS Corp.[1] ("CBS") removed to this Court. ECF No. 1. Pending is Netzer's motion to remand. ECF No. 120. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the motion to remand will be granted.

---

[1] CBS Corp. ("CBS") is a defendant in this suit. ECF No. 2 at 3. CBS, a Delaware corporation, was formerly known as Viacom, Inc., successor by merger to CBS Corp., a Pennsylvania corporation, which was formerly known as Westinghouse Electric Corporation ("Westinghouse"). ECF No. 1 at 1. Netzer was allegedly exposed to asbestos-containing dust from Westinghouse products. ECF No. 1 ¶¶ 21, 22.

I.   Background[2]

Netzer was born in Baltimore and is a lifelong resident of Maryland. ECF No. 1 ¶ 19; *see also* ECF No. 125-8 at 20. From 1955 to 1979, Netzer was allegedly exposed to asbestos-containing dust. ECF No. 125-4 at 6.[3] Asbestos-containing Micarta[4] material was used in Netzer's father's sheet metal business; Netzer and his father sawed and sanded the material, generating dust. *Id.* at 34; ECF No. 125-5 at 5. From 1939 to 1972, Netzer's father worked at Westinghouse facilities and was exposed to asbestos-containing materials. ECF No. 125-4 at 34.[5] Netzer was allegedly exposed to asbestos-containing dust from

---

[2] Facts are taken from CBS's Notice of Removal, ECF No. 1; Netzer's short form complaint and summons, ECF Nos. 2-1, 2-2; Netzer's motion to remand, ECF No. 120; CBS's opposition to the motion to remand, ECF No. 125; the Consolidation Order and Pre-Trial Schedule entered by the Circuit Court for Baltimore City, ECF No. 125-3; Netzer's answers, and supplemental and amended answers, to defendants' joint interrogatories, ECF Nos. 125-4, 125-5; and Netzer's deposition testimony, ECF Nos. 125-8, 125-13. On a motion to remand, the facts are viewed in the light most favorable to the party seeking remand. *Booth v. Furlough, Inc.*, 995 F. Supp. 629, 630 n.1 (E.D. Va.1998); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[3] Netzer's answers to defendants' joint interrogatories allege his exposure was from the 1950s to 1960s or early 1970s. ECF No. 125-4 at 6.

[4] Micarta was a Westinghouse product. *See* ECF No. 1 ¶ 8; *see also supra* note 1.

[5] From 1979 to 1986, Netzer also worked for Westinghouse, though he does not allege that he was exposed to asbestos-containing dust during that employment. ECF No. 125-5 at 4.

his father's work clothes when his mother shook the dust off the clothes before washing them. *Id.*; ECF No. 125-8 at 49. In March 2013, Netzer was diagnosed with Mesothelioma. ECF No. 125-4 at 16.

On May 14, 2013, Netzer sued Maryland-based and non-Maryland-based defendants in the Circuit Court for Baltimore City. ECF Nos. 2-1, 2-2.[6] On May 23, 2013, CBS was served with Netzer's short form complaint. ECF No. 1 ¶ 1. On July 9, 2013, Baltimore City Circuit Court Judge John M. Glynn entered a Consolidation Order and Pre-Trial Schedule ("Pre-Trial Schedule") in Netzer's case. ECF No. 125-3 at 2. The Pre-Trial Schedule included the following deadlines:

- November 13, 2013: Netzer to provide answers to interrogatories identifying worksites and asbestos-containing products at each site;
- January 27, 2014: Netzer to "identify fact witnesses who may testify at trial";[7]
- May 7, 2014: "Last day for deposition of [Netzer's] fact witnesses he can voluntarily produce for

---

[6] Maryland-based defendants include E.L. Stebbing & Co., Inc., Hampshire Industries, Inc., MCIC, Inc., The Wallace & Gale Asbestos Settlement Trust, and Crown, Cork & Seal Co., Inc. ECF No. 120 ¶ 13.

[7] As of January 27, 2014, Netzer was the only fact witness identified. ECF No. 125 at 3.

          deposition without subpoena by defendants";[8]

- May 26, 2014: Netzer to "name 'most likely to use' general product identification fact witnesses from the original fact witness list who have previously been deposed";[9]

- June 9, 2014: "Last day for deposition of [Netzer's] fact witnesses who [Netzer was] unable to voluntarily produce for deposition without a subpoena by defendants."

ECF No. 125-3 at 3-4.

On November 1, 2013, CBS received Netzer's answers to defendants' joint interrogatories. ECF No. 1 ¶ 4; *see also* ECF No. 125-4. On November 5, 2013, CBS received Netzer's supplemental or amended answers. ECF No. 1 ¶ 5; *see also* ECF No. 125-5. As to the possibility of identifying sources of

---

[8] Netzer was deposed on November 8, 2013. *Id.*; ECF No. 125-8. His testimony identified Westinghouse products as the source of his alleged exposure. ECF No. 125-8 at 49, 57-63, 71-127. On May 1, 2014, Netzer provided additional deposition testimony. ECF No. 125-13. That testimony focused on Netzer's exposure to asbestos from Westinghouse products, and, of the defendants, only CBS's counsel was present. *Id.*

[9] Netzer could "supplement this list with names of any additional witnesses (1) who are specified as being made in substitution for an earlier-named witness who has become unavailable to testify at trial. The substituted witness must come from the original fact witness list or (2) whose testimony concerns job sites newly disclosed in documents or deposition testimony during the remaining time for depositions of fact witnesses." ECF No. 125-3 at 4.

4

Netzer's alleged asbestos exposure other than Westinghouse products, the answers and supplemental or amended answers stated that Netzer's "investigation is continuing." ECF Nos. 1 ¶ 7; 125-4 at 34; 125-5 at 7.  On April 16, 2014 and May 9, 2014, Netzer served CBS with more than 700 requests for admission and 42 interrogatories and document requests.  ECF Nos. 125 at 3, 125-6.  No written discovery requests were served on Maryland-based defendants.  ECF No. 125 at 3.

On May 14, 2014, CBS removed to this Court.  ECF No. 1.  On June 6, 2014, Netzer moved to remand to the Circuit Court for Baltimore City.  ECF No 120.  On June 23, 2014, CBS opposed Netzer's motion.  On July 3, 2014, Netzer replied.

II.  Analysis

A.   Removal under 28 U.S.C. § 1441(a)

Under 28 U.S.C. § 1441(a)(2012), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing where such action is pending."  But, if the action may only be removed to the District of Maryland based on diversity jurisdiction under 28 U.S.C.

§ 1332,[10] it may not be removed if any properly joined and served defendant is a citizen of Maryland. *Id.* § 1441(b)(2).

"If the case stated by the initial pleading is not removable," the defendant may file a notice of removal in the district court within 30 days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3)(2012). "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than [one] year after commencement of the action, unless . . . the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c).

To determine when a defendant first had notice of grounds for removal, the Court must "rely on the face of the initial pleading and on the documents exchanged in the case by the parties." *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). The Court need not "inquire into the subjective knowledge of the defendant," but must consider only whether

---

[10] Under 28 U.S.C. § 1332(a)(1)(2012), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

grounds for removal were "apparent within the four corners of the initial pleading or subsequent paper." *Id.*

All defendants must join in or consent to the removal. *Id.* § 1446(b)(2)(A). The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Id.*

B.  Fraudulent Joinder

The doctrine of fraudulent joinder[11] allows a federal court to "disregard, for jurisdiction purposes, the citizenship of certain [in-state] defendants, assume jurisdiction over a case, dismiss th[ose] defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999).[12] As the

---

[11] "Fraudulent joinder" is a legal term of art. *AIDS Counseling & Testing Ctr's v. Grp. W. Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990). "[I]t does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists." *Id.* (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979)).

[12] *See also Mississippi ex rel. Hood v. AU Optronics Corp.*, 134 S. Ct. 736, 745 (2014)("We have held, for example, that a plaintiff may not keep a case out of federal court by fraudulently naming a nondiverse defendant.") (citing *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 185-186, (1907)); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (applying the fraudulent joinder rule to party

party asserting fraudulent joinder, CBS has the burden to "demonstrate either outright fraud in the plaintiff's pleading or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, . . . even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks and citation omitted).[13] The Court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks omitted).

That a complaint would not survive a defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not mean that that defendant has been fraudulently joined: the standard is more favorable than the 12(b)(6) standard. *Id.* at 424. If there is any possibility of recovery, the defendant has not been fraudulently joined. *Id.* The Court may "consider the entire record," not only the complaint, to "determine the basis of joinder by any means available." *AIDS Counseling & Testing Ctr's*, 903 F.2d at 1004. But, it may not act as a factfinder or

---

asserting that an in-state defendant had been fraudulently joined), *quoted in Mayes*, 198 F.3d at 464.

[13] A "glimmer of hope" for relief against the resident defendant will prevent a finding of fraudulent joinder. *See Mayes*, 198 F.3d at 466.

8

"delve too far into the merits in deciding a jurisdictional question." *Hartley*, 187 F.3d at 425.

C. Netzer's Motion

CBS argues that the May 7, 2014 deadline triggered its right of removal under 28 U.S.C. § 1446(b)(3), and that Netzer's failure to produce additional fact witnesses before the deadline means that removal is appropriate under the fraudulent joinder doctrine. ECF No. 1 ¶¶ 23-28.[14] Netzer argues that the May 7, 2014 deadline did not trigger CBS's right of removal: "the mere existence of witness identification deadlines in a scheduling order does not, necessarily, preclude a party [from] calling a witness . . . after the expiration of [the] deadline." ECF No. 120 ¶¶ ¶ 16, 21, 31.[15] Netzer argues that "[a]ll claims against

---

[14] Because no fact witnesses have identified sources of asbestos attributable to Maryland-based defendants, CBS argues that the Court should dismiss all non-diverse defendants and retain diversity jurisdiction. ECF No. 125 at 6.

[15] Netzer contends--without elaboration--that the existence of the May 16, 2014 and June 9, 2014 deadlines disfavors finding that the May 7, 2014 deadline triggered CBS's right of removal; apparently implying that CBS requested removal too early. ECF No. 120 ¶ 32. In his reply, Netzer contends that CBS requested removal too late because (1) it should have known the identity of Netzer's witnesses--to wit, Netzer himself--no later than January 27, 2014, and (2) Netzer's answers to interrogatories and deposition testimony only identified sources of asbestos exposure attributable to Westinghouse; thus, grounds for removal were apparent on January 27, 2014. ECF No. 126 at 3-4. However, Netzer's answers stated that his "investigation [was] continuing," leaving open the possibility that he could identify additional sources. ECF Nos. 125-4 at 34, 125-5 at 7. Accordingly, the January 27, 2014 deadline for identifying fact
9

the non-diverse defendants remain viable." Id. ¶ 9. Accordingly, the Court must first determine whether the May 7, 2014 deadline may be construed as an "other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. § 1446(b)(3).

The "other paper" requirement "is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996)(internal quotation marks omitted)(plaintiff's memorandum indicating his change of

---

witnesses did not place CBS on notice of grounds for removal.
Netzer also contends that CBS's maintenance of crossclaims against non-diverse defendants belies its assertion that there is no longer any "glimmer of a potential verdict" against those defendants. Id. ¶ 33 (internal quotation marks omitted); *see also* ECF No. 126 at 5. To take seriously CBS's argument, Netzer asserts, CBS "must both cross the Rubicon and burn the bridge behind it." Id. (*citing* Plutarch Lives: Julius Caesar (*circa* A.D. 110)). CBS argues "that the Federal Rules of Civil Procedure specifically authorize the filing of cross-claims between co-defendants that are contingent on future events, most notably, the development of the plaintiff's underlying liability claims against the parties to the cross-claims." ECF No. 125 at 6 (*citing Providential Develop. Co. v. U.S. Steel Corp.*, 236 F.2d 277, 281 (10th Cir. 1956))(other citations omitted). CBS is correct. *See* Fed. R. Civ. Pro. 13(g)("The crossclaim may include a claim that the coparty is *or may be* liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.")(emphasis added); *see also Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 429 F. Supp. 2d 1274, 1289 (M.D. Fla. 2005)("Rule 13(g) 'does not require that the claim be mature at the time of pleading;' hence, 'a cross-claim can be contingent upon the ultimate adjudication of the cross-claimant's liability to plaintiff'")(*quoting* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1431, at 240-41 (2d ed. 1990)).

citizenship was sufficient to ascertain that the case was removable).[16] However, in determining "when [the defendant] learned about the grounds of removal,"[17] written notice is required;[18] oral statements are generally insufficient.[19] Courts have deemed various types of documents as "other paper" under § 1443(b)(3), including discovery responses,[20] settlement

---

[16] The "other paper" "must emanate from either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity." *Potter v. Carvel Stores of New York, Inc.*, 203 F. Supp. 462, 467 (D. Md. 1962) *aff'd,* 314 F.2d 45 (4th Cir. 1963).

[17] *Streeter v. SSOE Sys.*, Civ. No. 09-1022-WMN, 2009 WL 3211019, at *7-8 (D. Md. Sept. 29, 2009)(affidavit proving diversity of citizenship was an "other paper" under § 1446(b)(3)).

[18] The plain language of § 1446(b)(3) requires that the "other paper" be something that the defendant received, "through service or otherwise." 28 U.S.C. § 1446(b)(3); *see also Lovern*, 121 F.3d at 162 (instructing courts to assess "the four corners of the initial pleading or subsequent paper").

[19] There is a limited exception for oral statements made in court during the course of the action. *Compare Leverton v. AlliedSignal, Inc.*, 991 F. Supp. 481 (E.D. Va. 1997) (oral statements insufficient to trigger 30-day period for removal of action), *with King v. Kayak Mfg. Corp.*, 688 F. Supp. 227 (N.D. W. Va. 1988) (state court judge's pronouncement that non-diverse defendant was no longer party to action was sufficient notice of removability).

[20] *Citrano v. John Crane-Houdaille, Inc.*, Civ. No. 13-2158-WDQ, 2014 WL 806442, at *5 (D. Md. Feb. 27, 2014)(interrogatory answers, coupled with the defendant's knowledge of the underlying facts); *see also Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (interrogatory answers); *Bechtelheimer v. Cont'l Airlines, Inc.*, 755 F. Supp. 2d 1211, 1214 (M.D. Fla. 2010).

offers,[21] and emails between counsel.[22]

Although the "other paper" requirement is broadly construed, *Yarnevic*, 102 F.3d at 755, the Court has been unable to locate any authority for the proposition that "no paper"--here, mere passage of a deadline--is sufficient to ascertain that removal was proper. Cf. *JHohman, LLC v. U.S. Sec. Associates, Inc.*, 513 F. Supp. 2d 913, 917-18 (E.D. Mich. 2007)(finding "the lack of a 'paper'--namely, Plaintiff's failure to respond to requests for admissions" insufficient under § 1446(b)(3)'s requirement that the Defendant be in "receipt" of an "other paper").[23] Although CBS may have been subjectively aware of a basis for removal, "[t]he defendant's subjective knowledge . . . cannot independently create a right

---

[21] *Lien v. H.E.R.C. Products, Inc.*, 8 F.Supp.2d 531 (E.D. Va. 1998).

[22] *Wright v. Dollar Gen. Store No. 4722/Dolgencorp, LLC*, No. CIV.A. 4:13-1447-MGL, 2014 WL 509214, at *3 (D.S.C. Feb. 7, 2014); see also *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 778-79 (9th Cir. 1994) (plaintiff's reply brief); *Pack v. AC and S, Inc.*, 838 F. Supp. 1099 (D. Md. 1993) (product identification document); *Link Telecommunications, Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 542 (D. Md. 2000)(collecting cases).

[23] Accord *Russell v. Home State Cnty. Mut. Ins. Co.*, 244 F. Supp. 2d 669, 672 (E.D. La. 2003)("This Court could not find, and Defendant Home State failed to cite, any case in this Circuit where a Plaintiff's silence, inaction, or non-response converts a Defendant's unilateral correspondence into "other paper," thereby starting the time period for removal.").

to remove the case." *Bowyer v. Countrywide Home Loans Servicing LP*, Civ. No. 5:09-CV-00402, 2009 WL 2599307, at *3 (S.D.W. Va. Aug. 21, 2009); *Lovern*, 121 F.3d at 162.[24] Strict construction of § 1446(b)(3) disfavors overlooking the requirement that the defendant be in "receipt . . .through service of otherwise, of a copy of an . . . other paper." *See Md. Stadium Auth.*, 407 F.3d at 260. Accordingly, the passage of the May 7, 2014 deadline for deposing fact witnesses was not an "other paper" under § 1446(b)(3). Because the Court has determined that CBS's right of removal was not triggered, it need not decide whether non-diverse defendants were fraudulently joined.[25]

---

[24] *See also Rodgers v. Nw. Mut. Life Ins. Co.*, 952 F. Supp. 325, 328 (W.D. Va. 1997)(requiring the defendant to wait until he received written notice from the plaintiff about the amount of damages sought before finding that the case was removable).

[25] Briefly, the Court notes that, although "a judge's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril," *Gestetner Corp. v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985), supplemental discovery is not always barred, *see Pennington Partners, LLC v. Midwest Steel Holding Co.*, 271 F.R.D. 462, 462 (D. Md. 2010)(permitting untimely supplemental expert disclosures). Accordingly, there may be a "glimmer of hope" that evidence against non-diverse defendants will be admitted. *See Mayes*, 198 F.3d at 466. However, as stated above, the Court need not affirmatively decide whether additional evidence is likely to be revealed, and admitted, in this case.

III. Conclusion

For the reasons stated above, Netzer's motion to remand will be granted.

_____10/30/14_____       _____/s/_____
Date                          William D. Quarles, Jr.
                              United States District Judge